William G. Heeeroh, J.
The defendant-respondent was charged in the City Court of Buffalo with a violation of section 270.00 (subd. 2) of the Penal Law in that he had in his possession a blank cartridge pistol. The information filed against the defendant-respondent was dismissed by a Judge of the City Court of Buffalo on March 3,1972 on the ground that the statute under which he was charged is unconstitutional.
*873 The People appealed the dismissal of the information in this case.
There is a strong presumption of constitutionality that attaches to all legislation. Those who attack the constitutionality of legislative enactments must demonstrate their invalidity beyond reasonable doubt. The enactments will be struck down only as a last and unavoidable resort. (Matter of Cullum v. O’Mara, 43 A D 2d 140,146, and cases cited therein.)
The defendant-respondent claims that the statute is unconstitutionally vague in that the statute could make a criminal out of a starter at a track meet. The defendant-respondent was not charged with the use of a blank cartridge pistol at a track meet. Therefore, this court will not engage in improbabilities.
The prohibition as set out in the statute, that is, the unlawful possession of a blank cartridge pistol in violation of section 270.00 (subd. 2) of the Penal Law is constitutional on its face.
Therefore, the court reinstates the information in this case and remands it to the City Court of Buffalo for further action.