Carmelo A. Parlato, J.
Defendants herein have, after trial before this court without a jury, been found guilty as charged, i.e., each with having twice violated subdivision 1 of section 235.05 of the Penal Law promoting obscenity in the second degree. They now have moved, before sentence, pursuant to CPL 330.30 (subd 1) for a setting aside of the verdicts and dismissal of the informations herein, on the ground that said *723 subdivision 1 of section 235.05 of the Penal Law is, in conjunction with subdivision 1 of section 235.15, unconstitutional.
The first question which arises is the procedural propriety of considering such motion at this stage of proceedings.
Before trial the defendants had timely moved against the informations herein, on the ground of unconstitutionality of the statute (CPL 170.35, subd 1, par [c]). The focus of such motion, and thusly of my previous decision herein denying such motion, had been on the definition of obscenity in subdivision 1 of section 235.00 of the Penal Law, and the First Amendment of the United States Constitution. The instant motion attacks the statute as so vague as to violate the due process clause of the Fourteenth Amendment, the source of the vagueness being not the section (§ 235.05, subd 2) stating the offense, but rather subdivision 1 of section 235.15 providing for an affirmative defense.
The defendants also raised previously the question of constitutionality of subdivision 1 of section 235.15, although indirectly, before trial, by their furnishing to this court the opinion of the District Court, Suffolk County, in People v Wrench (83 Misc 2d 95) wherein that court considered the potential for subdivision 1 of section 235.15 being violative of the Fourteenth Amendment (although the equal protection clause rather than the due process clause). The direct purpose advanced by their pretrial citing of said People v Wrench was that this court might give to said subdivision 1 of section 235.15 the same interpretation as did the Wrench court, an interpretation which was considered by that court as sufficient to preserve the constitutionality of said section.
Since the defendants thusly did previously raise the question of constitutionality, this court is of the opinion that they should not be foreclosed from making their said motion at this stage, pursuant to CPL 330.30 (subd 1) and has thusly entertained such motion.
The evidence at trial was relatively undisputed: that on June 13 and 17, 1975, the defendant Gary Howell was in charge of a store owned by defendant Yellowstone Distributing Inc., in the City of Buffalo, wherein allegedly obscene magazines were offered for sale to the general public, except that, by various signs posted inside and outside the store and by personal inquiry made by defendant Howell, the defendants attempted to limit dissemination to adults. At the close of the evidence, defense counsel, in his summation, argued that *724 the defendants had established an affirmative defense under subdivision 1 of section 235.15 by proof that the sale of the allegedly obscene material was exclusively to adults, citing People v Wrench (supra) wherein the court had held that such an affirmative defense was properly derived from said subdivision 1 of section 235.15.
In this court’s deliberations before rendering its aforesaid verdicts, it recognized that if it failed to construe said subdivision 1 of section 235.15 in the same fashion as had the Wrench court, it would possibly arrive at the conclusion that subdivision 1 of section 235.15 is so vague as to be unconstitutional. Before rendering its verdict, this court therefore gave counsel the opportunity to argue, on the same occasion, both the merits of the claimed affirmative defense and the merits of this anticipated postverdict motion to vacate a verdict of guilty, should there be such verdict.
The first decision made by this court was at the verdict stage, i.e., that said subdivision 1 of section 235.15 is not fairly interpreted to provide the affirmative defense so gleaned by the Wrench court; that the prosecution having proved its cases against the defendants, and the defendants not having established any valid affirmative defense, the proper verdict must be one of guilty on all charges. Upon the rendering of such verdicts, defendants made the anticipated postverdict motion, now to be decided.
Subdivision 1 of section 235.05 of the Penal Law provides that "A person is guilty of obscenity in the second degree when, knowing its content and character, he * * * Promotes, or possesses with intent to promote, any obscene material.”
Subdivision 1 of section 235.15 provides (deleting the words by which it applies to other than § 235.05, subd 1): "Obscenity; defense. * * * In any prosecution for obscenity, it is an affirmative defense that the persons to whom allegedly obscene material was disseminated * * * consisted of persons * * * having scientific, educational, governmental or other similar justification for possessing * * * the same.”
This court does not (as did the Wrench court) view subdivision 1 of section 235.15 as presenting a problem of equal protection of the laws, since such equal protection is guaranteed to persons rather than to activities. This section does not make classifications as to those doing the disseminating but as to those to whom the disseminating is done, which is thusly a way of describing the prohibited activity. The problem is, *725 rather, whether the section makes that description clearly enough.
It is well settled that a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. (Connally v General Constr. Co., 269 US 385, 391; Trio Distrs. Corp. v City of Albany, 2 NY2d 690.) Even where we might guess at what the draftsman intended and even where there is material available to show what was intended, that is not sufficient. "For validity the statute must be informative on its face.” (People v Firth, 3 NY2d 472, 474.)
Whether the vagueness is in one statutory section proscribing certain conduct (§ 235.05, subd 1) or in a different section stating exceptions to that proscription (§ 235.15, subd 1) is a matter of form and should not deter the court from recognizing the substantive constitutional deficiency, if such exists, in the statute seen as a whole. (See People v Abrahams, 40 NY2d 277.)
The difficulty with subdivision 1 of section 235.15 is not in understanding its skeleton intent: the Legislature, while not proscribing simple possession of obscene material (whatever the possessor’s purpose might be, so long as it is not "with intent to promote”, possession is nowhere made an offense) it nevertheless had in mind that possession for certain types of use would be given legislative favor in contrast to possession for other types of use; thusly that it would not be made a crime to disseminate such material to persons intending the favored types of use.
The difficulty with subdivision 1 of section 235.15 is, rather, from its failure to define (nor is there any other statutory source of such definition) with reasonable clarity just what those favored uses are and what they are not.
On examination, subdivision 1 of section 235.15 can be seen to set forth these favored uses in three degrees of definiteness or, conversely, of vagueness. Firstly is "Governmental” which is adequately clear, since we can fairly interpret this to mean de jure government. In the second category are "sciéntific” and "educational”. True it may be that certain specific uses might be clearly recognizable as within the ambit of "scientific” or "educational”. For example, acquisition by a professor at a university accredited by the State Board of Regents, for use in a regularly offered course, would surely be considered *726 "educational”. However, the deficiency in each of these two words is from our not being able to discern what the limits are on their descriptions of use. Each of these words, alone or with the other, is so broad in meaning as to permit honest interpretations over a wide, unpredictable range.
If subdivision 1 of section 235.15 stopped at "scientific, educational, [or] governmental” it would likely be unconstitutionally vague; but the coup de grace is from its proceeding to include a third category: "other similar” uses. What the statute would thereby reveal to us is that there are some one or more uses, similarly favored, but which are not scientific, or educational, or governmental. Similar to one although not similar to the others, or similar to all three? Does the "justification” derive from the similarity? Or (more likely) does the similarity derive from their sharing the quality of justification? If so, is not reference to some extra-statutory source made essential to find the definition of "justification”?
One might be inclined to construe subdivision 1 of section 235.15 as telling us that the favored uses are those which are "scientific, educational, governmental, or similarly not for simple personal enjoyment Besides being excessively creative (the courts are to interpret, if possible, and not to legislate) it is precisely simple personal enjoyment, possession for which is constitutionally protected (Stanley v Georgia, 394 US 557); and to characterize such possession as the one possession that is not justified would be constitutionally repugnant.
The vagueness of subdivision 1 of section 235.15 is particularly appreciated when contrasted to the thoroughness and definiteness of analogous Penal Law prohibitions and exceptions thereto. See article 265, wherein section 265.20 clearly states various "exemptions” from other sections’ categorical proscription of possession of various weapons. See, also, the various sections of article 220 making it criminal to possess controlled substances "knowingly and unlawfully” (emphasis added) and then, by subdivision 2 of section 220.00, referring us to article 33 of the Public Health Law wherein what is "unlawful” and what is not is clearly revealed. The details of these statutes required considerable drafting and require considerable reading but what emerges is clarity such as to enable a person to know, prospectively, whether certain conduct will or will not subject him to prosecution; and such as to enable a court to instruct a jury, or, in the case of a nonjury trial, to be conscionably clear in its own mind, as to what *727 proof should produce conviction and what should produce acquittal.
Especially by the words "similar justification”, subdivision 1 of section 235.15 provides an affirmative defense without reasonably definitive limits. The Legislature cannot have intended to include possesion for every use (that would wholly negate § 235.05, subd 1) but the descriptive words are too vague for us really to know what possessions are not for "similar justification”. The net result is that the statute (§ 235.05, subd 1, in combination with § 235.15, subd 1) simply does not adequately advise the would-be seller of obscene material what sales are criminal and what are not. On the ground that such vagueness renders unconstitutional the statute under which the defendants have been prosecuted, the verdicts against them are hereby vacated and the informations herein are dismissed.
It might be noted that there is an absence of decisional authority on this subject (People v Wrench, 83 Misc 2d 95, supra, is not binding on this court), probably due to previous preoccupation with the more basic statutory provisions, particularly those defining obscenity. The procedure which evolved in this case should make it clear that the dismissal of the informations herein is solely on the law and should accordingly assure the prosecution’s right to appeal herefrom, for an authoritative decision.
It is also noteworthy that this holding does not involve section 235.20 et seq. of the Penal Law which prohibit "disseminating indecent material to minors”.