No. 49,639

STATE OF KANSAS, *Appellee,* v. NEXT DOOR CINEMA CORPORATION, *Appellant.*

(587 P.2d 326)

Opinion filed December 9, 1978. ▮▮▮▮

*John H. Weston,* of Fleishman, Brown, Weston & Rohde, of Beverly Hills, California, argued the cause, and *David M. Brown,* of the same firm, and *James M. Glover,* of Pendergraft, Cohen, Glover & Winters, of Wichita, were with him on the brief for appellant.

*Stephen E. Robison,* assistant district attorney, argued the cause and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Defendant-appellant, Next Door Cinema Corporation, appeals from a jury conviction of one count of promoting obscenity. K.S.A. 1977 Supp. 21-4301. Appellant was charged with two counts resulting from the commercial exhibition of two motion picture films entitled "Memories Within Miss Aggie" and "Youthful Lust." Appellant was found not guilty as to one film and guilty as to the other.

The sole question raised by appellant is the constitutionality of the entire statute based upon one section thereof. No argument is made that the film itself was not obscene and no attack is made on any other sections of the statute. Our consideration is limited to the determination of the validity and severability of 21-4301(3). Appellant states its point as follows:

"The defense to an obscenity prosecution contained in K.S.A. 1976 Supp. 21-4301(3) where the dissemination is to persons or institutions having scientific, educational, governmental or similar justification for viewing the material, is impermissibly vague, on its face and as construed and applied to permit the judgment of conviction herein; the defense is not severable from the remainder of K.S.A. 1976 Supp. 21-4301, thus rendering the entire obscenity statute unconstitutionally vague, in violation of the free speech and press and due process guarantees of the first and fourteenth amendments to the United States Constitution and, independently, of Sections 1, 10 and 11 of the Bill of Rights contained in the Kansas Constitution."

K.S.A. 1977 Supp. 21-4301 makes the promotion of obscenity a crime. K.S.A. 1977 Supp. 21-4301(3) provides as defenses to the crime:

"It is a defense to a prosecution for obscenity that the persons to whom the allegedly obscene material was disseminated, or the audience to an allegedly obscene performance, consisted of persons or institutions having scientific, educational, governmental or other similar justification for possessing or viewing the same."

K.S.A. 1977 Supp. 21-4301a makes the promotion of obscenity to minors a crime. K.S.A. 21-4301b provides:

"If any provision of this act is declared unconstitutional, or the application thereof to any person or circumstance is held invalid, the constitutionality of the remainder of the act and the applicability thereof to other persons and circumstances shall not be affected thereby."

Appellant contends the language "persons or institutions having scientific, educational, governmental or other similar justification for possessing or viewing [obscene materials]" is too vague and indefinite to mark the boundary line between criminal and noncriminal conduct. Appellant further argues that 21-4301(3) is an integral part of the statute and cannot be severed therefrom without violating the legislative intent that dissemination of obscene materials to certain persons or institutions is not a crime. Hence, if the defenses are unconstitutionally vague, the entire statute must fall rather than make certain acts criminal which the legislature intended to be legal.

At the outset, it might be well to once again iterate certain principles of construction when a statute is alleged to be unconstitutional.

"It is the duty of this court to uphold legislation rather than defeat it. It is presumed that the legislature intended to pass a valid law. If there is any reasonable way to construe legislation as constitutionally valid, it should be so construed." *Parker v. Continental Casualty Co.,* 191 Kan. 674, 680, 383 P.2d 937 (1963).

In *State, ex rel., v. Fadely,* 180 Kan. 652, 308 P.2d 537 (1957), this court stated, beginning at page 658:

"As preliminary to a consideration of the contentions of the plaintiff, we refer to long and well-established rules of this jurisdiction to the effect that the constitutionality of a statute is presumed and that all doubts must be resolved in favor of its legality and before the statute may be stricken down it must clearly appear the statute violates the constitution (*Carolene Products Co. v. Mohler,* 152 Kan. 2, 102 P.2d 1044; *Board of County Comm'rs. v. Robb,* 166 Kan. 122, 199 P.2d 530; *State, ex rel., v. Board of Regents,* 167 Kan. 587, 207 P.2d 373); that it is the court's duty to uphold the legislation rather than defeat it and if there is any reasonable way to construe the legislation as constitutionally valid, that should be done (*Marks v. Frantz,* 179 Kan. 638, 298 P.2d 316); that, at the threshold of the inquiry of

validity of a statute, courts start with the presumption the lawmakers intended to enact a valid law and to enact it for the accomplishment of a needful purpose (*State, ex rel., v. Board of Education,* 137 Kan. 451, 453, 21 P.2d 295). . . ." "[T]he test whether a statute is so vague and indefinite and therefore fails to inform the accused of the nature and cause of the charge against him as required by Section 10 of the Kansas Bill of Rights is the same as that applicable in determining whether a statute violates the due process clause of the Fourteenth Amendment to the federal constitution. The test to determine whether a criminal statute is unconstitutionally void by reason of being vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. If a statute conveys this warning it is not void for vagueness. Conversely, a statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. At its heart the test for vagueness is a commonsense determination of fundamental fairness. (*Kansas City Millwright Co., Inc. v. Kalb,* 221 Kan. 658, 562 P.2d 65.)" *State v. Kirby,* 222 Kan. 1, 3, 563 P.2d 408 (1977).

The state contends that the language complained of by the appellant is sufficiently clear and definite to define with reasonable certainty the defenses to the proscribed conduct. *State v. Torline,* 215 Kan. 539, 527 P.2d 994 (1974). The state further contends that if the defenses set forth in the statute do not pass constitutional muster then they may be severed leaving the balance of the statute intact.

In *State v. Hill,* 189 Kan. 403, 369 P.2d 365 (1962), this court held the entire Sunday closing law unconstitutional as violating due process because the exceptions set forth in the statute were so vague, indefinite and uncertain they failed to provide a reasonably definite standard of guilt whereby a defendant could ascertain the nature and cause of the accusation against him.

In *Hill,* the statute (G.S. 1949, 21-955) prohibited all Sunday sales and made violation thereof a misdemeanor. G.S. 1949, 21-956 provided exceptions whereby "the sale of any drugs or medicines, provisions or other articles of immediate necessity" would not constitute a violation of 21-955. The court found the terms "drugs or medicines" and "provisions" could be reasonably understood and withstood the claim of vagueness even though in particular instances there might be marginal cases in which it would be difficult to determine on which side of the line of demarcation the particular item or sale might fall. However, the court went on to hold that the phrase "or other articles of immediate necessity" had no generally understood meaning, did

not meet the necessary constitutional tests and was such an integral part of the statute prohibiting Sunday sales that the entire statute was invalid. *State v. Hill,* 189 Kan. at 410-414.

Appellant urges the application of *Hill* to the case before the court. Initially, however, we must determine the validity of the defenses set forth in the statute. Kansas has had obscenity statutes in one form or another since 1874 and with the exception of "standard medical works," no defenses were included until the present enactment in 1969. In 1970, the severability clause, 21-4301b, was adopted.

It is obvious that the legislature in adopting 21-4301(3) was of the opinion that certain persons and institutions have a valid interest in the viewing and receipt of obscene materials and therefore the supplying of such materials should not constitute a criminal act. It can hardly be disputed in this day and age that certain educational, scientific and governmental agencies, persons, institutions and groups have a valid concern in the ongoing study of obscene material and its effects upon the individual. The famed studies of Dr. Alfred Kinsey and the Institute for Sex Research at Indiana University are one example of an educational and scientific person and institution whose interest in obscenity and pornography has been recognized as being of great service in furthering the understanding of the effects and results such material may or may not have on certain individuals.

The language in the defenses portion of our statute was taken largely from the American Law Institute Model Penal Code and the New York Penal Law. Our section, 21-4301(3), is essentially identical to § 235.15-1 of the New York Penal Law. Two New York trial courts have considered and interpreted the defenses provision of the New York law. *People v. Howell,* 90 Misc. 2d 722, 395 N.Y.S.2d 933 (1977) and *People v. Wrench,* 83 Misc. 2d 95, 371 N.Y.S.2d 833 (1975). Both cases involved the sale of allegedly obscene magazines to members of the public. Appellant relies heavily on the decision in *Howell* where the court found the words "other similar justification" to be unconstitutionally vague and indefinite and as a result the entire statute was held invalid. The New York court stated:

"[T]he words 'similar justification,' subdivision 1 of section 235.15 provides an affirmative defense without reasonably definitive limits. The Legislature cannot have intended to include possession for every use (that would wholly negate 235.05, subdivision 1) but the descriptive words are too vague for us really to

know what possessions are *not* for 'similar justification'. The net result is that the statute (235.05, subdivision 1, in combination with 235.15, subdivision 1) simply does not adequately advise the would-be seller of obscene material what sales are criminal and what are not." *People v. Howell,* 90 Misc. 2d at 727.

The court in *Wrench,* after considering the underlying principles of statutory construction, determined that to uphold the constitutionality of the statute it had to be interpreted as allowing sales of obscene materials to all adults. The court stated at page 98:

"In order to sustain the constitutionality of the statute the court reads the affirmative defense afforded under subdivision 1 of section 235.15 of the Penal Law as authorizing sales to all adults and not a limited few.

"The court notes that the language itself admits of this interpretation since it provides for sale for 'similar justification' in addition to the more limiting classification."

*Wrench* was argued to the *Howell* court but that court was not impressed by the reasoning in *Wrench* and, rather than hold the statute constitutional on the basis of *Wrench,* found the statute unconstitutional.

It is to be noted that the decisions in *Howell,* from the City Court of Buffalo, and *Wrench,* from the District Court of Suffolk County, were not appealed and we are not constrained to follow the reasoning of either of the New York trial courts. The terms "scientific, educational and governmental" are sufficiently definite and are of such general usage and understanding that they adequately apprise members of the general public of the legitimate defenses available to what is otherwise proscribed conduct. It is true that in individual cases it may be difficult to determine whether the accused has met the burden of proving that the dissemination of obscene matter was to a person or institution who comes within the areas allowed by the statute. However, we do not find that this invalidates the portion of the statute allowing dissemination of obscene materials to "persons or institutions having scientific, educational [or] governmental . . . justification for possessing or viewing the same." As we said in *State v. Hill,* 189 Kan. at 413:

"While criminal statutes are to be strictly construed and courts should not extend them to embrace acts or conduct not clearly included within their prohibitions (*State v. Waite,* 156 Kan. 143, 131 P.2d 708), and exceptions in penal statutes are to be construed liberally in favor of persons charged with violations of the statutes (82 C.J.S., Statutes, § 382, p. 893), it would seem that the statute might be

sustained against the claim of vagueness as to the items of property included in the word 'provisions,' notwithstanding there may be marginal cases in which it would be difficult to determine the side of the line a particular fact situation falls."

We would agree with *Howell* that the "other similar justification" defense is vague and indefinite but we do not find that it is necessarily fatal to the validity of the entire statute or the other defenses. The language "other similar justification" neither adds to nor subtracts from the other defenses established by the statute. The language is not sufficiently definite to establish a fourth category of defense in addition to scientific, educational and governmental justification and does not expand or limit the three acceptable categories. As such the language is mere surplusage and may be omitted from the statute without doing violence to the obvious intent of the legislature.

"In construing a statute, the purpose or intent of the legislature governs when that intent can be ascertained from the statute, even though words or references at some place in the statute must be omitted or inserted." *Parker v. Continental Casualty Co.*, 191 Kan. 674, Syl. ¶ 4, 383 P.2d 937 (1963).

There is an additional reason why the offensive language in 21-4301(3) may be stricken without affecting the constitutionality of the entire section or statute.

16 Am. Jur. 2d, Constitutional Law § 187, states:

"Occasionally, the legislature expressly states its will that the valid provisions of a statute be enforced in spite of any judicial determination that certain sections of the act are unconstitutional. Such an expression of the will of the legislature is generally carried out by the courts. Saving clauses of this kind are recognized as valid and are not an invalid delegation of legislative authority or a presentation of an inconsistent alternative. The effect of such a statutory declaration is to create, not the presumption of entirety in effect ordinarily accorded to statutes, but an opposite presumption of separability. The Supreme Court has stated that a saving clause clearly evidences a legislative intention not only that an express provision found to be unconstitutional should be disregarded without disturbing the remainder of the statute, but also that any implication from the terms of the statute which would render them invalid should not be indulged." pp. 417-418.

Prior to the adoption of the present statutes, all promotion of obscene materials (except "standard medical works") was prohibited by statute. The defenses in question were included as part of the statutes adopted in 1969. 21-4301 was amended in 1970 and as a part of such amendment and re-enactment 21-4301b was adopted. (L. 1970, ch. 128, new sec. 3). The enactment of the severability provisions in 21-4301b makes it clear the legislature

did not intend for the entire statute to fail if only a portion thereof was deemed unconstitutional. The legislature had previously banned the promotion of all obscenity and, presumably, could do so again. The failure of one category of possible defense to an action under the statute clearly does not invalidate the balance of the statute if it is clear the legislature would have enacted the remainder of the statute without the questioned language. The legislature recognized the possibility that a portion of one or more of the statutes might be unconstitutional and has expressly stated its intent that in such a situation the balance of the statute shall be upheld. The case is clearly distinguishable from *State v. Hill,* 189 Kan. 403, where the statutes did not contain a severability provision.

With the exception of that portion of the statute which reads "or other similar [justification]," we hold K.S.A. 1977 Supp. 21-4301(3) to be constitutional and a valid enactment of the legislature.

One final matter needs to be considered. The state filed a cross-appeal by way of a question reserved for failure of the trial court to give a requested instruction. The matter was not argued and counsel for both parties advised the court that they preferred to defer any consideration of the question raised by the cross-appeal until a later case pending before this court, which contains the same issue, is decided. Under such circumstances, we deem the cross-appeal by the state to be abandoned.

The judgment is affirmed.