OPINION OF THE COURT
Alain M. Bourgeois, J.
The defendants herein seek from this court a determination as to the constitutionality of the provisions of section 235.15 of *775 the Penal Law. That section sets forth certain affirmative defenses to the charge of obscenity.
Subdivision 1 of section 235.15 of the Penal Law provides: "In any prosecution for obscenity, it is an affirmative defense that the persons to whom allegedly obscene material was disseminated, or the audience to an allegedly obscene performance, consisted of persons or institutions having scientific, educational, governmental or other similar justification for possessing or viewing the same.”
It is the defendants’ contention that this provision is fatally vague and overbroad.
Subdivision 2 of section 235.15 of the Penal Law provides: "In any prosecution for obscenity, it is an affirmative defense that the person so charged was a motion picture projectionist, stage employee or spotlight operator, cashier, doorman, usher, candy stand attendant, or in any other non-managerial or non-supervisory capacity in a motion picture theatre; provided he has no financial interest, other than his employment, which employment does not encompass compensation based upon any proportion of the gross receipts, in the promotion of obscene material for sale, rental or exhibition or in the promotion, presentation or direction of any obscene performance, or is in any way responsible for acquiring obscene material for sale, rental or exhibition.”
It is the defendants’ contention that this section is violative of the equal protection provisions of the Fourteenth Amendment.
THE FACTS
The defendants are charged with obscenity, in violation of section 235.05 of the Penal Law. It is alleged, in the misdemeanor complaints filed herein, that on September 13, 1978, in premises described as a "juice bar/massage parlor,” located in the County of New York, two of the defendants performed obscene dances while the third acted as manager of the premises during the performance of said dances.
CONCLUSIONS OF LAW
Initially, the court rejects defendants’ contention that the statute here in question must be judged by the standards of strict scrutiny appropriate to the evaluation of legislation which threatens constitutionally protected expression. Obscen *776 ity is not protected by the First Amendment (Roth v United States, 354 US 476; Miller v California, 413 US 15, petitions for reh den 414 US 881). And the affirmative defenses herein challenged, being in the nature of "confession and avoidance,” do not come into play until a factual determination of obscenity has been made.
The defendants’ successful establishment of either of the affirmative defenses here in question would serve only to negate their criminal responsibility. It would not serve to alter the nature of the performances. It remains the People’s obligation to initially prove beyond a reasonable doubt every element of the crime charged including that obscene character of the performances which places them beyond the protection of the First Amendment (see People v Laietta, 30 NY2d 68, cert den 407 US 923; People v Long, 83 Misc 2d 14).
This being so, the statute must be judged by standards of ordinary constitutional construction. According to such standards, legislative enactments are presumed to be constitutional, and the defendants bear the burden of proving the invalidity of the statute beyond a reasonable doubt (People v Scott, 26 NY2d 286; Matter of Van Berkel v Power, 16 NY2d 37). It is only with great reluctance and as a last resort that the court will strike down a legislative enactment on the ground that it is in conflict with the guarantees of the State or Federal Constitution (People v Jackson, 76 Misc 2d 872, affd 36 NY2d 726). Nothing but a clear violation of the Constitution will justify a court in overruling the legislative will (People v McNair, 46 AD2d 476).
Subdivision 1 of section 235.15 of the Penal Law:
In People v Wrench (83 Misc 2d 95) the District Court of Suffolk County analyzed this section in terms of equal protection. The court determined that, in order to avoid the sanctioning of an arbitrary and unconstitutional elite permissible audience, it was compelled to interpret the statute as authorizing the presentation or sale of obscene material to any adult engaged in intellectual pursuits.
Were it necessary to reach this issue, this court might well adopt the reasoning of Wrench (supra). But as was stated in People v Howell (90 Misc 2d 722, 724): "This section does not make classifications as to those doing the disseminating but as to those to whom the disseminating is done, which is thusly a way of describing the prohibited activity.” The potential avoidance of criminal responsibility for the dissemination of obscen *777 ity based upon the character of an audience does not provide the alleged disseminator with grounds to complain of unequal protection of the law. It is not he who is being classified by statute. The classification of the audience grants or withholds an exemption from criminal responsibility for dissemination to any person similarly situated.
This court cannot, however, agree with the conclusion of People v Howell (supra) which invalidated the statute on grounds of vagueness. "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed” (United States v Harriss, 347 US 612, 617-618).
The constitutional doctrine of vagueness is grounded in basic fairness and due process. It does not, however, require absolute precision in the expression of the legislative will. "Condemned to the use of words, we can never expect mathematical certainty from our language.” (Grayned v City of Rockford, 408 US 104, 110.) All that is required is that the language used "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices” (United States v Petrillo, 332 US 1, 7-8).
"The main thrust of the obscenity statutes * * * [is that] the real evil to be policed and prosecuted is the commercial exploitation of filth” (Commission Staff Notes to Penal Law, § 235.15). It is well within common understanding, however, that there are certain proper and appropriate interests in the examination and study of obscenity, including, but not necessarily limited to, those of a scientific, educational or governmental nature, the satisfaction of which cannot be considered the "commercial exploitation of filth.” Should the elements of the crime of obscenity be made out at trial, it would be the defendants’ burden to prove, by a preponderancce of the evidence, that the audience to the performances herein charged partook of such an interest (Penal Law, § 25.00, subd 2). While this burden may not be easily met, it is not so vague as to be unconstitutional.
Subdivision 2 of section 235.15:
It is urged by the defendants that this subdivision of the statute is violative of the equal protection provisions of the Fourteenth Amendment, in that it exempts from criminal *778 responsibility certain nonmanagerial employees of motion picture theatres while denying such exemption to similarly situated employees of other establishments, such as bookstores or live-show theatres.
The alleged conduct of the defendants, however, is not of the type addressed by the statute. The defendants Martin and Alston are accused of performing obscene dances, while the defendant Nicholas is alleged to have managed the premises in which said dances took place.
The defendants not being of the class with which the statute is concerned, they lack the standing necessary to mount an equal protection challenge to its provisions. "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court.” (Broadrick v Oklahoma, 413 US 601, 610.)
As to each of the affirmative defenses set forth in section 235.15 of the Penal Law, the defendants have failed to meet their burden of establishing the unconstitutionality of the legislation beyond a reasonable doubt. The defendants’ motion to dismiss the complaints herein is therefore denied.