(605 P.2d 594)

No. 51,017

STATE OF KANSAS, *Appellee,* v. HARVIE GOZA, *Appellant.*

Opinion filed February 1, 1980.

*Ray L. Borth,* of Ballweg, Borth & Wilson, of Prairie Village, for the appellant.

*Robert H. Gale, Jr.,* assistant district attorney, *Dennis W. Moore,* district attorney, *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

PARKS, J.: Harvie Goza was hired by Mr. Lambeth, the owner of a truck wholesale business, to drive a truck tractor and semitrailer containing eight used truck engines to Chicago. The engines weighed in excess of two tons. The truck tractor and trailer each displayed one of Mr. Lambeth's dealer plates which had been issued to him by the State of Kansas pursuant to K.S.A. 8-136. On

January 22, 1979, Goza, while en route to Chicago, was stopped on Highway 56 in Johnson County and issued a citation for ·carrying over 4,000 lbs. in violation of K.S.A. 8-136(*a*). Goza was convicted in a bench trial of violating that statute and he appeals.

The statute governing the use of "dealer plates," K.S.A. 8-136(*a*), provides in part:

"A manufacturer of or dealer in motor vehicles, trailers, or semitrailers, demonstrating, displaying or exhibiting any such vehicle upon any highway in lieu of registering each such vehicle, may obtain from the division of vehicles, upon application therefor upon the proper official form, and payment of the fees required by law, and attach to each such vehicle, one (1) plate which shall bear thereon a distinctive number, also the name of this state, which may be abbreviated, and the year for which issued, together with the word 'dealer' or a distinguishing symbol indicating that such plate is issued to a manufacturer or dealer, and any such plate so issued, may during the calendar year for which issued, be transferred from one such vehicle to another owned or operated by such manufacturer or dealer. Such plate may be used in lieu of a regular plate for private automobile or service car, demonstrator, towing other motor vehicles and for all other purposes incidental to dealer's motor vehicle business, *except commodities are not to be hauled in excess of two (2) tons, when such commodities are hauled on regular routes or for jobbing or distribution, same will require regular registration tags and be subject to rules and regulations of the state corporation commission,* including the use of said registration plate on substitute vehicles owned by a dealer but loaned to an owner when the dealer is engaged in repairing said owner's vehicle . . . ." (Emphasis supplied.)

Defendant seeks reversal of his conviction claiming error in the trial court's construction of the emphasized portion of the statute, which shall be referred to as the exception clause in the remainder of this opinion.

Defendant contends that K.S.A. 8-136(*a*) should be strictly construed against the State and when so construed a dealer plate may be used for the enumerated purposes (in this case—incidental to dealer's business) except that commodities weighing in excess of two tons may be hauled on a dealer plate if not on regular routes, or for jobbing or distribution. The State, in conformity with an opinion issued by the Division of Motor Vehicles of the Department of Revenue, contends that the statute should be construed to limit the use of dealer plates to the hauling of two tons or less and further to prohibit dealer plates from being used when hauling commodities on regular routes or for jobbing or distribution. The trial court, without reference to the two-ton limit, found the defendant guilty of transporting commodities (engines) "for the purpose of *distributing* those items to a purchaser." (Emphasis added.)

The parties concede that the terms "regular routes" and "jobbing" are not applicable to this case and agree that the engines are commodities, but offer conflicting definitions for "distribution." Defendant relies on the definition found in *Black's Law Dictionary*, which is ". . . the giving out or division among a number, sharing or parcelling out . . . ." He argues that the term "distribution" in K.S.A. 8-136(*a*) does not include "delivery" of merchandise incidental to its sale. The State, following *The American Heritage Dictionary of the English Language* definition of distribution—". . . the process of marketing and merchandising goods . . ."—argues that Mr. Lambeth was marketing the engines within the vernacular usage of the term.

The arguments of the parties demonstrate how unclear the statute is both structurally and definitionally. Nowhere in the act is there a definition of "regular routes," "jobbing," or "distribution." Moreover, the structure of the exception clause is such that it is not clear whether it should be interpreted to mean (a) commodities are not to be hauled in excess of two (2) tons, or (b) commodities are not to be hauled in excess of two (2) tons when such commodities are hauled on regular routes or for jobbing or distribution.

The foremost rule of statutory construction is that the intent of the legislature governs. *Farm & City Ins. Co. v. American Standard Ins. Co.*, 220 Kan. 325, 332, 552 P.2d 1363 (1976). Defendant urges us to apply the rule of strict construction of penal statutes to K.S.A. 8-136(*a*) because it carries a criminal penalty (K.S.A. 8-149). See *State, ex rel., v. American Savings Stamp Co.*, 194 Kan. 297, 300-301, 398 P.2d 1011 (1965). Fundamental to the application of this rule, however, is discernment of the legislative intent from the face of the statute itself without the aid of outside facts and circumstances. The ambiguities of the terms of the exception clause, however, make it impossible to determine with any reasonable degree of certainty what the legislature intended. See *State v. O'Connor*, 186 Kan. 718, 721, 353 P.2d 214 (1960).

The constitutionality of the exception clause of K.S.A. 8-136(*a*) was neither raised before the trial court nor on appeal. Our courts generally refrain from deciding issues not addressed by the litigants, but in *State v. Nelson*, 210 Kan. 439, Syl. ¶ 4, 502 P.2d 841 (1972), our Supreme Court discussed the guidelines for consideration of such cases and held:

"The constitutionality of a statute should be considered in any action where it is necessary in order to determine the merits of the action or where the issues cannot be intelligently decided without doing so, notwithstanding the failure of the parties to raise the constitutional question, failure to plead the question, or failure to present the question to the trial court."

Goza's conviction can not be intelligently reviewed because the exception clause of this statute is so vague that it can not be administered by the courts, and what the intended meaning of K.S.A. 8-136(a) might be we can only speculate, as no guide is provided us within the act. *State v. O'Connor,* 186 Kan. at 720. We therefore hold that this statute falls within the purview of the *Nelson* rule and is subject to constitutional scrutiny.

The test to determine whether a statute is unconstitutionally vague and indefinite was stated in *State v. Kirby,* 222 Kan. 1, 4, 563 P.2d 408 (1977). There the court said the test is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. If a statute conveys this warning it is not void for vagueness. Conversely, a statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. At its heart, the test for vagueness is a commonsense determination of fundamental fairness.

We are not unmindful of the presumption of constitutionality which must be accorded all statutes (*Kirby,* 222 Kan. at 4), but we must conclude that the exception clause of K.S.A. 8-136(a) uses terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. It therefore violates the first essential of due process of law and is unconstitutional.

It now becomes necessary to determine whether the exception clause of K.S.A. 8-136(a) is severable from the remainder of the statute. The legislature recognized the possibility that a portion of one of the statutes within the registration act might be unconstitutional and has expressly stated its intent that in such a situation the balance of the statute should be upheld. (K.S.A. 8-131b.) See *State v. Next Door Cinema Corp.,* 225 Kan. 112, 119, 587 P.2d 326 (1978). Accordingly, that portion of the statute which reads, ". . . except commodities are not to be hauled in excess of

two (2) tons, when such commodities are hauled on regular routes or for jobbing or distribution, same will require regular registration tags and be subject to rules and regulations of the state corporation commission, . . ." is severable.

Judgment is reversed and it is ordered that the defendant be discharged from further prosecution in this action.